UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATELIN A.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C21-5364-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Child Disability Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1993, has a high school diploma and some college education, and previously worked as an afterschool program caregiver, call center representative, and human resources intern. AR 959-62. Plaintiff was last gainfully employed in 2014. AR 960.

In July 2016, Plaintiff applied for benefits, alleging disability as of January 31, 2011. AR 324-31. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

1   requested a hearing.  AR 246-52, 255-62. After the ALJ conducted a hearing in August 2018

2   (AR 95-143), the ALJ issued a decision finding Plaintiff not disabled.  AR 16-33.

3          The Appeals Council denied Plaintiff's request for review (AR 1-7), but the U.S. District

4   Court for the Western District of Washington reversed the ALJ's decision and remanded for

5   further administrative proceedings.  AR 931-40.  On remand, the ALJ held a hearing in

6   December 2020 (AR 845-90) and subsequently issued a decision again finding Plaintiff not

7   disabled.  AR 807-36.  The Appeals Council declined to assume jurisdiction, and Plaintiff now

8   seeks judicial review of the Commissioner's final decision.  Dkt. 5.

9                                    **THE ALJ'S DECISION**

10          Utilizing the five-step disability evaluation process,[1] the ALJ found:

11      **Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset
12      date.

13      **Step two**:  Plaintiff has the following severe impairments: congenital spina bifida
        occulta, bilateral knee degenerative joint disease, morbid obesity, major depressive
14      disorder with psychotic features, post-traumatic stress disorder, and borderline
        personality disorder.

15      **Step three**:  These impairments do not meet or equal the requirements of a listed
        impairment.[2]
16
17      **Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with
        additional limitations: she cannot climb ladders, ropes, or scaffolds.  She can occasionally
18      kneel, stoop, crouch, crawl, and climb ramps or stairs.  She must avoid concentrated
        exposure to wetness, vibration, and hazards (as defined in the Dictionary of Occupational
19      Titles).  She can perform work with a sit/stand option, which is defined as the ability to
        change position after 30-60 minutes for 3-5 minutes while continuing to work on her
20      assigned task.  She can perform simple, routine, repetitive tasks in a work environment
        free of fast-paced production requirements, involving only simple work-related decisions
21      and with few, if any, workplace changes.  She can have no contact with the public.  She
        can have occasional contact with co-workers and no team tasks.

22      **Step four**:  Plaintiff has no past relevant work.

23
        _____
        [1] 20 C.F.R. §§ 404.1520, 416.920.
        [2] 20 C.F.R. Part 404, Subpart P, App. 1.

        ORDER AFFIRMING THE COMMISSIONER'S
        DECISION - 2

1

2

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 807-36.

3

### LEGAL STANDARDS

4

5

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

6

security benefits when the ALJ's findings are based on harmful legal error or not supported by

7

substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir.

8

2005).  As a general principle, an ALJ's error may be deemed harmless where it is

9

"inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104,

10

1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to

11

determine whether the error alters the outcome of the case." *Id*.

12

Substantial evidence is "more than a mere scintilla.  It means - and means only - such

13

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

14

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d

15

747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving

16

conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v.*

17

*Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

18

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

19

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

20

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

21

must be upheld.  *Id.*

22

### DISCUSSION

23

Plaintiff argues the ALJ erred in discounting certain medical opinion evidence and a lay

statement written by Plaintiff's mother, and in failing to account for limitations caused by her

panic disorder.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Did Not Err in Assessing Plaintiff's Panic Disorder

The ALJ referenced Plaintiff's panic disorder as related to the mental conditions that were included as severe impairments at step two.  AR 811 n.1.  The ALJ indicated that she "considered all of [Plaintiff's] mental health symptoms regardless of individual diagnosis."  *Id*. Plaintiff argues that her panic disorder caused memory and social problems that the ALJ erred in failing to account for, without explanation, in the RFC assessment.  Dkt. 16 at 13-14.

The Court rejects this argument, because the ALJ addressed Plaintiff's allegations of memory and social deficits at length in the decision and provided several unchallenged reasons to discount those allegations.  *See* AR 816, 823-29.  The prior court remand order also affirmed the ALJ's discounting of Plaintiff's subjective allegations.  *See* AR 933.  Because Plaintiff has not shown or even argued that the ALJ erred in discounting her allegations, she has not shown that the ALJ erred in failing to credit her allegations of particular deficits caused by panic disorder.

### B.    The ALJ Did Not Err in Discounting Plaintiff's Mother's Statement

Plaintiff's mother completed a third-party function report in September 2016, describing disabling physical and mental limitations.  AR 373-80.  The ALJ summarized Plaintiff's mother's statement and found it to be inconsistent with evidence showing that Plaintiff's physical symptoms improved with minimal, conservative treatment, as well as with evidence showing that Plaintiff's mental symptoms did not preclude the performance of simple, routine, repetitive tasks.  AR 829.  The ALJ also noted that Plaintiff's mother's statement was written at a

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

1    time when Plaintiff was homeless, but that subsequent evidence showed that her functioning

2    improved after that time.  *Id*.

3         Plaintiff contends that the ALJ failed to provide germane reasons to discount her

4    mother's statement, as required in the Ninth Circuit.  *See Dodrill v. Shalala*, 12 F.3d 915, 919

5    (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give

6    reasons that are germane to each witness.").  First, Plaintiff argues that the ALJ's finding related

7    to her mental functioning is illogical and conclusory because the ALJ stated that her mother's

8    statement was consistent with the medical evidence to the extent that the record documents

9    mental health limitations, but the ALJ also found that Plaintiff's limitations were not so severe as

10   to preclude simple, routine, repetitive tasks.  *See* AR 829.  According to Plaintiff, her mother's

11   statement does not show that she can perform simple, routine, repetitive tasks, and if her

12   statement is consistent with medical evidence it should be credited.  Dkt. 16 at 11.

13        Plaintiff's argument misreads the ALJ's decision: the ALJ did not find that Plaintiff's

14   mother's statement suggested that Plaintiff can perform simple, routine, repetitive tasks.  Instead,

15   the ALJ found that the medical evidence suggested this, and the ALJ explained the basis for this

16   finding at length in discussing Plaintiff's allegations, earlier in the decision.  *See* AR 823-24,

17   829.  Plaintiff did not challenge that line of reasoning, nor has she shown that the ALJ erred in

18   her assessment of the medical evidence in this regard.

19        Next, Plaintiff argues that the ALJ insensitively erred in finding that her mother's

20   statement was based on Plaintiff's functioning while homeless, because Plaintiff's ability to

21   perform activities of daily living when not homeless does not prove she could work.  Dkt. 16 at

22   11-12.  The ALJ did not cite Plaintiff's ability to perform certain activities after she was no

23   longer homeless as evidence of an ability to work, but as evidence inconsistent with the

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

limitations described by Plaintiff's mother, and Plaintiff has not shown that the limitations described by her mother represent her functioning throughout the adjudicated period. Plaintiff has not shown that the ALJ erred in considering whether a lay statement reflected her longitudinal functioning, and thus has not shown error in the ALJ's reference to Plaintiff's activities after the time that her mother's statement was written. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (holding that an ALJ may discount a lay statement inconsistent with a claimant's activities).

Because the ALJ provided two germane reasons to discount Plaintiff's mother's statement, the Court affirms this portion of the ALJ's decision.

**C.     The ALJ Did Not Err in Discounting Certain Medical Opinions**

Plaintiff challenges the ALJ's assessment of multiple medical opinions, each of which the Court will address in turn.

*1.     Legal Standards*[3]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Social Security regulations applicable to this case distinguish between "acceptable medical sources" and "medical sources." Acceptable medical sources include, for example,

---

[3] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1    licensed physicians and psychologists, while other non-specified providers are called "medical

2    sources." 20 C.F.R. §§ 404.1502, 404.1527(f), 416.902, 416.927(f).   An ALJ must provide

3    germane reasons to discount a "medical source" opinion.   *See Turner v. Comm'r of Social Sec.*,

4    613 F.3d 1217, 1223-24 (9th Cir. 2010) (lay testimony from non-acceptable medical sources may

5    be expressly disregarded if the ALJ gives germane reasons for doing so).

6              *2.      Terilee Wingate, Ph.D.*

7              Dr. Wingate examined Plaintiff in April 2018 and completed a DSHS form opinion

8    describing some moderate and marked functional limitations.   AR 635-43.   The ALJ summarized

9    Dr. Wingate's conclusions and explained that she gave the opinion "partial weight" because

10   Plaintiff provided inaccurate information about her limitations and activities to Dr. Wingate

11   during the examination, which led Dr. Wingate to describe Plaintiff as more limited than she

12   actually is.   AR 820, 827-28, 832-33.

13             Plaintiff argues that the ALJ's line of reasoning was rejected in the previous court remand

14   order, which found error in the prior ALJ decision's discounting a psychological opinion due to

15   reliance on a claimant's self-report.   Dkt. 16 at 4.   This argument overlooks that the current ALJ

16   decision identifies specific inaccuracies in Plaintiff's self-report to Dr. Wingate, namely

17   Plaintiff's failure to disclose her under-the-table work activity, her caregiving responsibilities as

18   to her younger siblings, and her daily marijuana use, as well as her exaggerated reports of

19   physical limitations.   *See* AR 827-28.   The ALJ relied on these inaccurate statements as one

20   reason to discount Plaintiff's allegations, and Plaintiff did not challenge those findings.   The

21   inaccuracies in Plaintiff's self-reporting to Dr. Wingate are a specific, legitimate reason to

22   discount Dr. Wingate's conclusions.   *See, e.g.*, *Calkins v. Astrue*, 384 F. App'x 613, 615  (9th

23   Cir. June 17, 2010) ("[A]n ALJ must be permitted to discount an opinion based principally upon

1  a claimant's self-reporting if the record contains objective evidence that the self-reporting is not

2  credible.").

3           The prior court remand order found error in the ALJ's discounting of Dr. Wingate's

4  opinion due to reliance on self-report, but the prior ALJ decision did not identify any particular

5  inaccuracies in Plaintiff's self-report to Dr. Wingate.  *See* AR 30.  The prior court remand order

6  noted that all psychological examinations inherently depend to some degree on a patient's self-

7  reporting.  *See* AR 934-35.  But here, the ALJ identified specific inaccuracies that Plaintiff

8  reported to Dr. Wingate, and those inaccuracies reasonably undermine Dr. Wingate's

9  conclusions to the extent that they are based on her interview with Plaintiff.  The Court does not

10 find any error in this line of the ALJ's reasoning, and therefore affirms the ALJ's discounting of

11 Dr. Wingate's opinion.

12          *3.      Jennifer Irwin, M.D.*

13          Dr. Irwin performed a consultative psychiatric examination of Plaintiff in January 2017

14 and wrote a narrative report describing Plaintiff's symptoms and limitations.  AR 548-52.  She

15 concluded that Plaintiff would have "some difficulty" with social interaction if unmedicated, and

16 "difficulty" maintaining regular attendance, completing a normal workday/workweek without

17 interruption, and dealing with the usual workplace stress if unmedicated.  AR 552.

18          The ALJ gave partial weight to Dr. Irwin's opinion, finding it inconsistent with the many

19 normal findings upon mental status examination and the evidence of Plaintiff's improvement

20 with treatment.  AR 830-31.  The ALJ also noted that part of Dr. Irwin's opinion appears to be

21 based on Plaintiff's self-reporting, and Plaintiff's self-report was inaccurate in that she failed to

22 accurately describe her self-care activities and her marijuana use.  AR 827, 831.

23

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

1    Plaintiff argues that the ALJ merely reiterated the reasons for discounting Dr. Wingate's

2    opinion, in discounting Dr. Irwin's opinion. Dkt. 16 at 7. The ALJ did identify inaccuracies in

3    Plaintiff's self-reporting to Dr. Wingate as well as Dr. Irwin (AR 827-28), and as explained

4    *supra*, the ALJ did not err in discounting Dr. Irwin's opinion to the extent it was based on

5    unreliable self-reporting. The ALJ did not, as in the prior decision, simply discount Dr. Irwin's

6    opinion as relying on self-report, but showed how Plaintiff's self-report was objectively

7    unreliable, which is a legitimate reason to discount Dr. Irwin's opinion. *See Calkins*, 384 F.

8    App'x at 615. Under these circumstances, the Court finds that the ALJ provided at least one

9    specific, legitimate reason for discounting Dr. Irwin's opinion and thus affirms the ALJ's

10   assessment of that opinion.

11        *4.    Patricia Sylwester, M.D.*

12   Dr. Sylwester performed a consultative physical examination of Plaintiff in January 2017

13   and wrote a narrative report describing her symptoms and limitations. AR 543-46. She opined

14   that *inter alia* Plaintiff could stand/walk for four hours per day, sit for an unlimited time, and

15   lift/carry 20 pounds occasionally and 10 pounds frequently. AR 546. She also concluded that

16   Plaintiff could not climb, balance, stoop, kneel, crouch, or crawl due to her obesity and general

17   deconditioning. *Id*. Dr. Sylwester found that Plaintiff's obesity and deconditioning also

18   precluded her from working around heavy machinery or at heights. *Id*.

19   The ALJ gave partial weight to Dr. Sylwester's opinion, finding the standing/walking,

20   postural, and environmental limitations to be inconsistent with the objective medical record,

21   which indicated Plaintiff's ability to walk with a normal gait, intact neurological functioning in

22   her legs, and only mild degenerative changes in her knees. AR 830. The ALJ also found that

23   Plaintiff's ability to cook simple meals, perform light household chores, shop, use public

transportation, and take care of her younger siblings contradicted the limitations identified by Dr. Sylwester. *Id*. Lastly, the ALJ noted that Plaintiff inaccurately reported her activities and marijuana use to Dr. Sylwester, which undermines Dr. Sylwester's opinion to the extent she relied on Plaintiff's self-report in reaching her conclusions. *Id*.

Plaintiff argues that the prior court remand order found error in one line of the ALJ's reasoning, specifically the ALJ's contrasting normal objective findings with Dr. Sylwester's conclusions. Dkt. 16 at 10. But the ALJ also discounted Dr. Sylwester's opinion in light of Plaintiff's inaccurate self-reporting to Dr. Sylwester, and Plaintiff has not challenged this line of reasoning. As explained *supra* with respect to Drs. Wingate and Irwin, the ALJ did not err in discounting Dr. Sylwester's opinion on that basis, thus rendering harmless any error in the ALJ's other lines of reasoning.

> 5.   *Brittany Ruiz, PA-C*

Ms. Ruiz, Plaintiff's treating provider, provided a DSHS opinion in May 2018, describing Plaintiff's physical symptoms and limitations. AR 648-52. The ALJ noted that Ms. Ruiz opined that Plaintiff could perform limited light work, but also that she was limited to sedentary work. AR 833 (referring to AR 648, 651). The ALJ also found that the standing, bending, and squatting limitations indicated by Ms. Ruiz were inconsistent with Plaintiff's ability to walk, bend, and squat normally during examinations. AR 833. The ALJ contrasted Ms. Ruiz's opinion that Plaintiff was limited to sedentary work with the evidence showing that Plaintiff's pain symptoms were effectively managed with minimal, conservative treatment. *Id*. Lastly, the ALJ found inconsistencies between the limitations described by Ms. Ruiz and Plaintiff's demonstrated ability to cook simple meals, perform light household chores, shop, use public

transportation, and take care of her younger siblings. *Id.* For these reasons, the ALJ gave little weight to Ms. Ruiz's opinion. *Id.*

As discussed *supra* with respect to Dr. Sylwester's opinion, Plaintiff argues that the ALJ reiterated reasoning previously rejected in the prior court remand order, insofar as the ALJ discounted Ms. Ruiz's opinion as internally inconsistent and inconsistent with normal objective findings. Dkt. 16 at 9-10. Even if these lines of reasoning are erroneous as Plaintiff argues, Plaintiff has failed to show that the ALJ's other reasons are also erroneous. Plaintiff has not shown that the ALJ erred in finding Ms. Ruiz's opinion that Plaintiff is limited to sedentary work to be inconsistent with evidence showing that Plaintiff's pain improved with minimal, conservative treatment, or with the evidence of Plaintiff's activities. *See* AR 833. These are germane reasons to discount Ms. Ruiz's opinion. *See Carmickle*, 533 F.3d at 1164; *Bayliss*, 427 F.3d at 1218. Accordingly, the Court affirms the ALJ's assessment of Ms. Ruiz's opinion.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 9th day of December, 2021.


S. KATE VAUGHAN
United States Magistrate Judge